THORNBERRY, Circuit Judge:
 

 Foster Securities, Inc., Fostin Securities, Inc., and William F. Woods appeal a district court’s order affirming a bankruptcy court’s order approving the appointment of an interim trustee and counsel for the in
 
 *1268
 
 terim trustee. Finding that we lack jurisdiction, we dismiss the appeal.
 

 FACTS
 

 On September 21, 1984, Delta Services Industries (hereafter Delta) filed for Chapter 11 bankruptcy. In late October, the bankruptcy court entered an order converting the case to a Chapter 7 liquidation. On November 2, the bankruptcy court appointed W. Simmons Sandoz interim trustee in the Delta bankruptcy. At that time, San-doz’s law firm was representing a group called the Briley Marine plaintiffs against Delta and seven other defendants in a breach of contract suit in state court. The Briley Marine plaintiffs subsequently dismissed Delta from the state court suit.
 
 [1]
 

 After the dismissal of Delta, Sandoz filed an application with the bankruptcy court for an order approving the employment of his law firm, Sandoz, Sandoz & Schiff (hereafter SS & S) as counsel for trustee. Foster, a Delta creditor, objected, arguing that SS & S and Sandoz were not “disinterested persons” as required by 11 U.S.C. §§ 327(a) and 701(a) (1982), respectively. Appellants argued that appellees had interests “materially adverse to the interest” of the estate,
 
 id.
 
 § 101(13)(E), because of their representation of the Briley Marine plaintiffs in the state court suit. Appellees argued that the dismissal of Delta from the Briley Marine suit cured any adversity that may have existed. At a hearing on December 5, the bankruptcy court denied appellants’ objections, finding that the interests of Sandoz and SS & S were not materially adverse to those of Delta. On December 14, the bankruptcy court entered an order approving the appointment of Sandoz as interim trustee and the employment of SS & S. Appellants appealed to federal district court, which entertained the appeal pursuant to its discretionary appellate jurisdiction over interlocutory bankruptcy court orders. 28 U.S.C.A. § 158(a) (West Supp.1985). In May 1985 the district court affirmed the bankruptcy court’s order. Foster, Fostin, and William F. Woods, a Foster employee and defendant in the Bri-ley suit, appeal, arguing that: (1) the district court order affirming the bankruptcy court order is final under 28 U.S.C.A. § 158(d) (West Supp.1985); and, in the alternative, (2) the order is reviewable under the collateral order exception to the final judgment rule.
 

 DISCUSSION
 

 The threshold issue presented is whether we have jurisdiction to entertain this appeal. 28 U.S.C.A. § 158(d) (West Supp. 1985) prescribes our jurisdiction over bankruptcy appeals. It provides that “[t]he courts of appeals shall have jurisdiction of appeals from all
 
 final
 
 decisions, judgments, order, and decrees” entered by district courts or bankruptcy appellate panels reviewing bankruptcy court orders.
 
 [2]
 
 (Emphasis added). We must therefore determine whether the district court’s order affirming the bankruptcy court’s order is final. Because the district courts have discretionary jurisdiction to hear interlocutory appeals from bankruptcy matters,
 
 see id.
 
 § 158(a), and the courts of appeals have no such discretion,
 
 see id.
 
 § 158(d), we must focus on the nature of the underlying bankruptcy court order to determine whether we have jurisdiction. We have jurisdiction only if the underlying bankruptcy court order was final.
 
 See, e.g., In re Cash Currency Exchange,
 
 762 F.2d 542, 546 (7th Cir.),
 
 cert. denied,
 
 — U.S. -, 106 S.Ct.
 
 *1269
 
 233, 88 L.Ed.2d 232 (1985);
 
 In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 800 (1st Cir.1985);
 
 In re Tidewater Group, Inc.,
 
 734 F.2d 794, 796 (11th Cir.1984);
 
 In re Comer,
 
 716 F.2d 168, 171 (3d Cir.1983);
 
 see also
 
 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3926, at 65 (West Supp.1985) (“Although the order [on appeal from an interlocutory bankruptcy court order] may nonetheless represent the final action to be taken by the district court or appellate panel, it is difficult to argue that it should be treated as appealable under present statutes.”). We can best analyze the order by splitting it into its two component parts: (1) approving the appointment of Sandoz as interim trustee; and (2) approving the employment of SS & S as counsel for the interim trustee.
 

 I.
 
 Order Approving Appointment of Interim Trustee
 

 The language of § 158(d), granting the courts of appeals appellate jurisdiction from “final decisions, judgments, orders and decrees,” provides no guidance on whether an order approving an interim trustee is final. Under the final judgment rule that obtains in ordinary civil cases, 28 U.S.C. § 1291 (1982), “a party may not take an appeal ... until there has been ‘a decision by the District Court that “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” ’ ”
 
 Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 373-74, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (quoting
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). The policies served by this rule against piecemeal appeals include avoidance of harassment and delays and promotion of efficient judicial administration.
 
 Firestone,
 
 449 U.S. at 374, 101 S.Ct. at 673. Although § 1291 provides guidance in interpreting § 158(d),
 
 see In re Kutner,
 
 656 F.2d 1107, 1110-11 (5th Cir.1981), ce
 
 rt. denied,
 
 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982) (interpreting § 1293(b)), we recognize that courts properly view finality more flexibly under § 158(d) (and- its predecessor § 1293(b)) than under § 1291.
 
 See, e.g., In re Barrier,
 
 776 F.2d 1298, 1299 (5th Cir.1985);
 
 In re Teleport Oil Co.,
 
 759 F.2d 1376, 1377 (9th Cir.1985);
 
 Comer,
 
 716 F.2d at 171;
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 444-46 (1st Cir.1983);
 
 see also 1
 
 Collier on Bankruptcy 113.03[6][b], at 3-124 to -125 (15th ed. 1985) (noting that “[o]ne can expect to see a continual broadening of the definition of finality with the gaining of experience under the Bankruptcy Code”); 16 C. Wright, A. Miller, E. Cooper & E. Gressman,
 
 supra,
 
 § 3926, at 60 (noting that “[i]n many ways, bankruptcy proceedings justify a distinctive and more flexible definition of finality”); Levin,
 
 Bankruptcy Appeals,
 
 58 N.C.L.Rev. 967, 983-87 (1980) (observing that “bankruptcy law has relied on a combination of three alternatives to a strict final order rule: total abolition of the rule, redefinition of the unit of litigation by which the final order rule is measured, and qualification of or exception to the rule”).
 
 But see In re TCL Investors,
 
 775 F.2d 1516, 1519 (11th Cir.1985) (adhering to view that “in the bankruptcy appeals context, a final order is ‘one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment’ ”).
 

 Because the language of § 158(d) does not provide guidance on whether this order is final and appealable, we turn to the legislative history. Finding little help from the legislative history of § 158(d), we look to that of § 1293(b).
 
 See supra
 
 note 2. Although the House Report on H.R. 8200, 95th Cong., 1st Sess. § 238 (1978), states that “the appointment of a trustee in a case under title 11 will be a final order in a proceeding that is reviewable under proposed 28 U.S.C. 1292(a)(5),” H.R.Rep. No. 595, 95th Cong., 1st Sess. 444,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6400, section 238 of the House Bill never became law. It proposed to amend 28 U.S.C. § 1292(a) by adding a subsection giving the courts of appeals jurisdiction over “[fjinal judgments, orders, and decrees of the bankruptcy courts of the United States in
 
 proceedings
 
 arising under or
 
 *1270
 
 related to cases under title 11.” (Emphasis added.) Because the word “proceedings” is “broad in scope, and covers all disputes that are finally determined by a bankruptcy judge in or related to a bankruptcy case,” H.R.Rep. No. 595,
 
 supra,
 
 at 444, U.S.Code Cong. & Admin.News 1978, p. 6400, the resolution of a dispute concerning the appointment of a trustee would have been appealable under § 238. The provision conferring jurisdiction on the courts of appeals that became law, however, nowhere mentioned “proceedings.” 28 U.S.C. § 1293(b) (1982) (amended 1984). Because the section of the House Bill the House Report purported to construe was not included in the Act as finally passed, we do not rely on the House Report in interpreting the Act.
 
 See Hartigan v. Federal Home Loan Bank Board,
 
 746 F.2d 1300, 1307-08 (7th Cir.1984);
 
 United States v. Lincoln Rochester Trust Co.,
 
 297 F.2d 891, 893 (2d Cir.),
 
 cert. denied,
 
 369 U.S. 887, 82 S.Ct. 1160, 8 L.Ed.2d 287 (1962).
 
 [3]
 

 The Seventh Circuit has recently held that an order appointing a bankruptcy trustee is interlocutory and unreviewable by a court of appeals under § 1293(b).
 
 Cash Currency Exchange,
 
 762 F.2d at 546;
 
 cf. In re Reid,
 
 773 F.2d 945, 947-48 n. 3 (7th Cir.1985) (reversing district court’s appointment of interim trustee on grounds that the creditors lacked standing to bring the involuntary petition, but noting in passing that “the district court’s decision to appoint an interim trustee ... was only a preliminary factual determination and was not an adjudication on the merits of the dispute”);
 
 id.
 
 at 949 n. 1 (Wood, J., dissenting) (noting that “appeal of an interim trustee is an interlocutory appeal”);
 
 Albrecht v. Robison,
 
 36 B.R. 913, 915 (D.Utah 1983) (uncontested appointment of trustee considered interlocutory and not appeala-ble). This view is consistent with the view taken by a court under the 1898 Bankruptcy Act, which gave the courts of appeals appellate jurisdiction over “proceedings in bankruptcy,
 
 either interlocutory or final.”
 
 Bankruptcy Act § 24a, 11 U.S.C. § 47(a) (1976) (repealed 1978) (emphasis added). In
 
 In re Homer Arth Well No. 1,
 
 529 F.2d 1272, 1273-74 (6th Cir.1976), the court allowed appeal of a district court order vacating the bankruptcy court’s appointment of trustee and substituting another person as trustee, but it is clear that the court considered the order an interlocutory appeal reviewable under the' 1898 Act.
 

 Under §§ 1293(b) and 158(d) the courts of appeals have held bankruptcy court orders that conclusively determine substantive rights of parties final and appealable.
 
 See, e.g., In re Jones,
 
 768 F.2d 923, 925 & n. 3 (7th Cir.1985) (order allowing or disallowing an exemption is final because it conclusively determines whether the asset is part of the estate);
 
 In re Riggsby,
 
 745 F.2d 1153, 1157 (7th Cir.1984) (order dismissing objection to the discharge of the bankrupt is final);
 
 Saco,
 
 711 F.2d at 445-46 (order that conclusively determined priority dispute is final);
 
 In re Regency Woods Apartments, Ltd.,
 
 686 F.2d 899, 901-02 (11th Cir.1982) (order granting relief from automatic stay or requiring cash payment to provide adequate protection is appealable). On the other hand, the courts of appeals have considered bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposi
 
 *1271
 
 tion of the estate’s assets interlocutory and not appealable.
 
 See, e.g., American Colonial Broadcasting,
 
 758 F.2d at 801 (order authorizing special master to negotiate sale of assets is not final);
 
 Tidewater Group,
 
 734 F.2d at 796 (order denying application for approval of settlement agreement is interlocutory);
 
 Maiorino v. Branford Savings Bank,
 
 691 F.2d 89, 90 (2d Cir.1982) (order denying confirmation of Chapter 13 plan is interlocutory);
 
 Kutner,
 
 656 F.2d at 1111 (order denying trustee’s conversion motion is interlocutory).
 

 The nature of the role an interim trustee plays convinces us that the bankruptcy court order approving the appointment of Sandoz as interim trustee constitutes only a preliminary step in Delta’s liquidation. First, “[t]he period of service of the interim trustee is generally a limited one, with little involvement in the more complex transactions of a liquidation case.” 4 Collier,
 
 supra,
 
 II 701.04, at 701-6 to -7. The service of the interim trustee terminates when the creditors elect a permanent trustee under § 702 of the Bankruptcy Code who qualifies under § 322. 11 U.S.C. § 701(b) (1982).
 
 [4]
 
 Second, like a permanent trustee,
 
 id.
 
 § 701(c), an interim trustee must give notice and an opportunity for a hearing before he can use, sell, or lease the property of the estate.
 
 Id.
 
 § 363(b).
 

 In addition, we believe that the values of preventing harassment and delay and promoting efficient judicial administration of bankruptcy cases served by even a flexible final judgment rule outweigh the policy of granting an appeal as of right to the court of appeals. Congress has indicated a preference that bankruptcy liquidations proceed expeditiously by requiring a “prompt” selection of an interim trustee.
 
 Id.
 
 § 701(a). Because of the appellate process, however, Delta’s liquidation has been delayed by more than a year. The costs of such delay — to the estate and to its creditors — can be tremendous.
 

 These costs are unnecessary in light of the safety valves built into the system that can prevent an interim trustee who has an interest materially adverse to the estate from harming it. First, as the liquidation proceeds and new information comes to light, the bankruptcy court may reconsider its decision. Bankr.R. 9024;
 
 see
 
 15 C. Wright, A. Miller & E. Cooper,
 
 supra,
 
 § 3907, at 430 (1976) (observing that “[a]t a minimum, appellate review should not ordinarily occur before it is clear that the judge has no intention of further reconsidering the challenged ruling”). We believe that an order approving an interim trustee over a legitimate but unsuccessful conflict objection lends itself to reexamination as the trustee begins to perform its duties. Indeed, in this case, the bankruptcy court indicated the tentativeness of its ruling by stating that it saw no conflict “at this time.” Second, the bankruptcy court has extensive supervisory powers over the trustee and may condition or prohibit its proposed disposition of assets upon the request of an interested entity. 11 U.S.C. § 363(e) (1982). Third, those who disagree with the selection of the interim trustee have the opportunity to convince the district court to grant leave to appeal to it. 28 U.S.C.A. § 158(a) (West Supp.1985). As other circuits have observed, “[Tjhis safety valve ... should serve as adequate protection against the hardships which may be created by erroneous interlocutory bankruptcy court orders.”
 
 American Colonial Broadcasting,
 
 758 F.2d at 803;
 
 see also Maiorino,
 
 691 F.2d at 91. Fourth, the threat of civil liability for misdeeds serves to dissuade the trustee from misadminister-ing the estate.
 
 See
 
 4 Collier,
 
 supra,
 
 ¶ 704.04. Finally, in extraordinary cases, we may grant relief by way of mandamus.
 
 See Southern Pacific Transportation Co.
 
 
 *1272
 

 v. San Antonio, Texas,
 
 748 F.2d 266, 270 (5th Cir.1984);
 
 E.E.O.C. v. Neches Butane Products Co.,
 
 704 F.2d 144, 151-52 (5th Cir.1983). In this case, however, appellants have neither applied for a writ of mandamus under Fed.R.App.P. 21 nor requested that we treat their appeal as a petition for a writ.
 

 Like the First Circuit in
 
 American Colonial Broadcasting,
 
 “We understand appellant’s desire to ‘nip this in the bud.’ Were we, however, to permit review under these circumstances, the courts of appeals would be overwhelmed with litigants seeking to second-guess trial courts and the unpredictable course of future events.” 758 F.2d at 802. Consequently, we hold that the bankruptcy court’s order approving the appointment of the interim trustee is not final.
 

 II.
 
 Order Approving Employment of Counsel for Interim Trustee
 

 In
 
 Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court held that orders denying motions to disqualify counsel in a civil case were not final appealable decisions under 28 U.S.C. § 1291. 449 U.S. at 370, 101 S.Ct. at 671. We can discern no basis for granting greater ap-pealability to orders denying motions to disqualify counsel in bankruptcy cases than to those in ordinary civil cases. While counsel for trustee performs many important duties, it cannot be said that his role is more crucial than that of an attorney in the ordinary civil case. We therefore hold that the order approving the appointment of SS & S as counsel for trustee is interlocutory and unappealable, under § 158(d). Other courts have taken the same view.
 
 See, e.g., In re Continental Investment Corp.,
 
 637 F.2d 1, 4 (1st Cir.1980) (order denying disqualification of counsel motion in bankruptcy case was interlocutory and not appeala-ble);
 
 In re Casco Bay Lines, Inc.,
 
 14 B.R. 846, 847 (D.Me.1981) (“In bankruptcy proceedings, as in virtually all civil actions, denial of disqualification motions are interlocutory, rather than final orders.”).
 

 III.
 
 Collateral Order Exception
 

 Finally, we note that the district court’s order affirming the bankruptcy court’s order is not appealable under the collateral order doctrine of
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In
 
 Cohen,
 
 the Supreme Court recognized a narrow exception to the final judgment rule for a “small class” of prejudgment orders that “finally determine claims of right separable from, and collateral to, rights asserted in the action, [and are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.” 337 U.S. at 546, 69 S.Ct. at 1225. In
 
 Richardson-Merrell, Inc. v. Koller,
 
 — U.S. -, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), the Supreme Court reiterated that to fall within the collateral order exception, “an order must at a minimum satisfy three conditions: [1] it must ‘conclusively determine the disputed question,’ [2] ‘resolve an important issue completely separate from the merits of the action,’ and [3] ‘be effectively unreviewable on appeal from a final judgment.’ ”
 
 Id.,
 
 105 S.Ct. at 2761 (quoting
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). We have before made clear that “[t]hese requirements are conjunctive: failure of any one results in failure of jurisdiction.”
 
 Gibbs v. Paluk,
 
 742 F.2d 181, 183 (5th Cir.1984).
 

 To determine whether the second condition, separability, is met, we focus on appellants’ conflict argument. They argue that Sandoz and his law firm have an interest adverse to Delta due to their representation of the Briley Marine plaintiffs because the defendants in that suit may have claims for contribution and indemnity against Delta, their former codefendant. Whether appellants’ argument has merit depends on whether any of the Briley Marine defend
 
 *1273
 
 ants has a timely filed, allowable claim against Delta. Because any evaluation of claims against the estate would entangle us in the merits of Delta’s liquidation, this appeal does not qualify for
 
 Cohen
 
 appeala-bility.
 
 [5]
 

 Our conclusion finds support in recent Supreme Court precedent. In
 
 Firestone,
 
 the Court assumed without deciding that an order denying a motion to disqualify counsel in a civil case on the grounds of conflict of interest resolved an important question separate from the merits. 449 U.S. at 376, 101 S.Ct. at 674. In
 
 Richardson-Merrell,
 
 the Supreme Court restricted the availability of
 
 Cohen
 
 appealability by holding that “orders disqualifying counsel in civil cases, as a class, are not sufficiently separable from the merits to qualify for interlocutory appeal.” 106 S.Ct. at 2766. We see no basis for concluding that an order denying disqualification of counsel in a civil case lends itself more readily to consideration apart from the merits than one ordering disqualification. Indeed, common sense suggests that an order disqualifying counsel, thus removing him from the case, is more separate from the merits than one that denies disqualification of counsel and keeps him in the case. The
 
 Firestone
 
 Court hinted agreement with this observation: “The propriety of the district court’s denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment.” 449 U.S. at 377, 101 S.Ct. at 675.
 

 CONCLUSION
 

 For the foregoing reasons, the appeal is DISMISSED FOR WANT OF JURISDICTION.
 

 [1]
 

 . Appellees pointed out at oral argument that the dismissal of Delta was based in part on information gathered during discovery that Delta was not one of the “players” in the state court suit.
 

 [2]
 

 . Congress enacted § 158(d) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (1984). Under the Bankruptcy Reform Act of 1978, the courts of appeals had “jurisdiction from a final judgment, order, or decree” of a district court. 28 U.S.C. § 1293(b) (1982) (amended 1984). Because § 1293(b) and § 158(d) are "identical except for immaterial wording changes,”
 
 In re Riggsby,
 
 745 F.2d 1153, 1155 (7th Cir.1984), they “should be similarly interpreted,"
 
 In re TCL Investors,
 
 775 F.2d 1516, 1518 (11th Cir.1985);
 
 In re Fox,
 
 762 F.2d 54, 55 (7th Cir.1985).
 

 [3]
 

 . Richard Levin, a principal draftsman of the Bankruptcy Reform Act of 1978, has argued that appellate courts should consider the resolution of all contested matters, including disputes relating to the selection of a trustee, final appeala-ble orders. Levin,
 
 supra,
 
 at 983-87. Levin reaches this result by designating a "proceeding arising under title 11 of the United States Code or arising in or related to a case under title 11" as "[t]he unit of litigation by which finality will be measured.”
 
 Id.
 
 at 985. He then reasons that each contested matter, including a dispute relating to the selection of a trustee, is a distinct and severable proceeding and the order that disposes of it is a final order, although the order is interlocutory in the sense that it is a “mere step[] in the settlement of the bankruptcy estate.”
 
 Id.
 
 at 987. Because Congress has not defined the jurisdiction of the courts of appeals in terms of “proceedings" arising under title 11, we view Levin’s analysis with skepticism.
 

 [4]
 

 . Appellants indicate in their brief that Sandoz has “now succeeded" to the role of permanent trustee. We are not told how or when this succession happened. Apparently, the creditors failed or chose not to elect a permanent trustee under § 702. Our review, however, is limited to the district court order, which affirmed the bankruptcy court order approving the appointment of Sandoz as
 
 interim
 
 trustee.
 

 [5]
 

 . Appellants tug hard on our heartstrings by suggesting that, unless we review the orders approving Sandoz and SS & S now, the only opportunity for review in this Court will come after the bankruptcy court enters an order closing the estate. By that time, appellants point out, the assets will have been reduced to cash and the cash distributed to the holders of allowed claims. While other circuits have held that there are bankruptcy court orders, other than the order closing the estate, that are final and provide an opportunity for review,
 
 see supra
 
 Part I, we need not decide that issue for this Circuit because of our disposition of this appeal for failure to meet
 
 Cohen’s
 
 separability condition.