In the Matter of GREENE COUNTY HOSPITAL, Debtor.

PATH–SCIENCE LABORATORIES, INC. and its successor and assigns, Sergio G. Gonzalez MD PA, Plaintiff-Appellant,

v.

GREENE COUNTY HOSPITAL, Defendant-Appellee.

Nos. 86–4504, 86–4507.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1988.

Rehearing and Rehearing En Banc Denied Feb. 19, 1988.

C. Everette Boutwell, Laurel, Miss., for plaintiff-appellant.

Robert A. Byrd, Biloxi, Miss., for defendant-appellee.

Before GOLDBERG and JOHNSON, Circuit Judges.[*]

GOLDBERG, Circuit Judge:

To every thing there is a season.
*Ecclesiastes*, 3.1.

It isn't over till it's over.
*In re Moody (Smith v. Revie)*, 817 F.2d 365 (5th Cir.1987) (quoting Yogi Berra).

A paradox of appellate jurisdiction is that the season begins only after the game has ended. In baseball, it is easy to tell when the game is over.[1] In bankruptcy, Title 11 of the United States Code not only changes the rules of the game, it reshapes the concept of game.[2] This case requires us to

---

[*] Due to his death on October 19, 1987, Judge Robert Madden Hill did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

[1.] A baseball game ends at the end of the first inning, after the eighth, that does not end in a tie.

[2.] 28 U.S.C. § 1291 governs jurisdiction of ordinary appeals from district courts. Under § 1291 the order must be final with respect to the case as a whole. 28 U.S.C. § 158(d) governs bankruptcy appeals from the district court to the court of appeals. As will be discussed later, to be appealable a bankruptcy order must *also* be final, but not *as* final. The order must only be final with respect to a discrete dispute within the larger case.

explore this new definition of the term "game," and then to redefine its end accordingly.

Dr. Gonzalez challenges the district court's determination that Chapter 9 of the Bankruptcy Code confers jurisdiction over the reorganization of an unincorporated municipal hospital on the bankruptcy court. We cannot reach this question because we lack subject matter jurisdiction. 28 U.S.C. § 158 limits circuit court jurisdiction to "final" orders of district courts. A district court's remand, affirming a bankruptcy court's determination that it has subject matter jurisdiction, is simply not a final order, even under the more liberal definition of the word "final" used in bankruptcy appeals. To find otherwise would allow piecemeal and dilatory appeal of inconsequential decisions while the strains of the Star Spangled Banner still echo.

We therefore affirm the order of the district court.

## I. Facts

### A. The Lineup

*Plaintiff:* Sergio Gonzalez, MD PA is the assignee of Path-Science Laboratories, Inc. a laboratory which provided diagnostic services to Greene County Hospital (the "Hospital"). Plaintiff holds a past due promissory note payable by the Hospital in the principal amount of $67,316.60.

*Defendant:* Greene County Hospital is an unincorporated unit of Greene County Mississippi (the "County"). The Hospital is governed by a Board of Trustees (the "Trustees"), appointed by the Greene County Board of Supervisors (the "Board of Supervisors"). The County purchased the land for the Hospital in 1948 and soon thereafter built the facility at an original cost of $150,000. The Hospital was expanded in 1976, and in 1984 the Board of Supervisors authorized a construction contract to build a $1,027,000 addition to the Hospital. The Hospital, built with funds from the sale of revenue bonds, is county owned.[3]

Greene County is located in southeastern Mississippi. Of the County's 9,000 residents, 23% are unemployed and 78% receive some form of public assistance. The Hospital is the second largest employer in the County, second only to the school system. Nonetheless the Hospital has not received any operating funds from the County since 1982, and has been functioning in the nature of a charity hospital for a number of years. Not surprisingly, the financial condition of the Hospital has deteriorated substantially. Hospital revenues cannot satisfy the Hospital's debt load. Faced with imminent levy and execution by creditors, the Hospital has sought reorganization under Chapter 11 of the Bankruptcy Code.

### B. The Pitch

Dr. Gonzalez filed a motion to dismiss the Hospital's Bankruptcy petition, contending that the Hospital is not eligible to file for bankruptcy. The Bankruptcy Court held that the Hospital was not eligible to file under either Chapter 11[4] or Chapter 7[5] of the Bankruptcy Code but that it was eligible to file under Chapter 9 of the Code,[6] which covers adjustment of debts of municipalities. Plaintiff appealed the judgment of eligibility to the United States District Court for the Southern District of Mississippi. Judge Russell affirmed the Bankruptcy Court. Plaintiffs now appeal to the court challenging the jurisdictional determination of both the district court and the bankruptcy court.

## II. Discussion

Neither plaintiff nor defendants raised the issue of this court's jurisdiction to hear

---

**3.** The issuance of such revenue bonds is now authorized by the Mississippi Legislature. Miss. Code Ann. 41–13–35(5)(k) (1972 and pocket part), gives the board of trustees of a municipal hospital the authority to incur debt. That section provides that the "power of the board of trustees [of any municipal hospital] shall specifically include, but not be limited to ... the ... authority ... to borrow money and enter other financing arrangements for community hospital and related purposes."

**4.** 11 U.S.C. §§ 1101–1174.

**5.** 11 U.S.C. §§ 701–766.

**6.** 11 U.S.C. §§ 901–946.

this appeal, but federal courts must satisfy themselves as to their own subject matter jurisdiction.[7] We are convinced that a bankruptcy court's determination that it does have subject matter jurisdiction over a case is not a final order.

Jurisdiction over appeals from bankruptcy courts is governed by 28 U.S.C. § 158, which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

. . . .

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection (a) ... of this section.

The parties may appeal all final orders of the bankruptcy judge to the district court as of right. The parties may also appeal final orders to the court of appeals as of right.[8] A district court may, in its discretion, take jurisdiction over interlocutory appeals from the bankruptcy court, but we have no such discretion. We have jurisdiction only over final orders.[9]

Our task is to explain why the order of the district court was not final. This is not a trivial task. Congress has amended the statute governing appellate jurisdiction over bankruptcy appeals twice in the last nine years.[10] Under the current statutory formulation two distinct approaches to determining whether an order is final have emerged among the circuits,[11] and these competing definitions of finality have not been explained with uniform conceptual clarity.

We do well to note at the outset that the difficulty of deciphering the law is not matched by the difficulty of deciding this case. This order is interlocutory under both current formulations, and would have been interlocutory under both former versions of the statute. To state our rationale, however, it is necessary to sort through the competing approaches to finality applied to orders of bankruptcy courts.

## A. Appellate Jurisdiction Under The Bankruptcy Act of 1898—Laying Out the Ground Rules

When a baseball umpire makes a difficult call, the text of the applicable rule is not as

---

7. This issue was first raised at oral argument, but both parties have filed supplemental briefs.

8. The Circuits are split over whether a final order of a bankruptcy court is appealable from a remand by the district court. *See* note 11 and accompanying text. A final order of the district court is always appealable. *See* note 9 and accompanying text.

9. *In re Moody (Smith v. Revie)*, 817 F.2d 365, 366 (5th Cir.1987). In *In re Delta Services*, 782 F.2d 1267 (5th Cir.1986) we pointed out that "We have jurisdiction only if the underlying order of the bankruptcy court was final." *Id.* at 1268. But an interlocutory appeal may gain finality at the district court level if the district court's order leaves nothing for the bankruptcy court to do but enter the final order. *In re Bowman*, 821 F.2d 245, 246 (5th Cir.1987); *In the Matter of Ben Hyman & Co.*, 577 F.2d 966 (5th Cir.1978).

The district court seems to have believed the order of the bankruptcy court to be final. Indeed, after ruling, when plaintiffs asked the district court to reconsider his decision, the district judge instructed the parties that the next step in this lawsuit should be appeal to this court. The district court had the authority to hear the appeal regardless of whether the order was final. We do not.

10. Appellate jurisdiction was originally governed by § 24(a) of the Bankruptcy Act of 1898 (the "Bankruptcy Act"), codified at 11 U.S.C. § 47(a) (repealed 1978). In 1978 the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code") 92 Stat. 2549 (1978) replaced the Bankruptcy Act. Congress replaced § 24(a) with 28 U.S.C. § 1293, which adopted the "final order" approach of the present statute. After the Supreme Court held sections of the 1978 act unconstitutional, *Northern Pipeline Co. v. Marathon Pipeline Co.* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress amended the jurisdictional provisions to the their present form. *See* 28 U.S.C. § 158.

11. *See In re Marin Oil, Inc.*, 689 F.2d 445, 449 (3d Cir.1982), *cert. denied*, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983); *contra, In re Riggsby*, 745 F.2d 1153 (7th Cir.1984). This Circuit follows the Seventh Circuit. *In re County Management, Inc.*, 788 F.2d 311 (5th Cir.1986); *In Re Delta Services Industries*, 782 F.2d 1267 (5th Cir.1986).

important as simply knowing how to play the game. Similarly, to understand the text of the current provisions of the bankruptcy law, it is necessary to understand how the game was played prior to the Bankruptcy Reform Act of 1978.[12]

### 1. Controversy and Proceeding—Games Within the Game

There is a long history of interlocutory appeal of certain kinds of disputes in a bankruptcy case. Until 1978, § 24(a) of the Bankruptcy Act of (1898) (the "Bankruptcy Act") governed appellate jurisdiction over disputes in bankruptcy. The section provided that:

> The United States courts of appeals ... are invested with appellate jurisdiction from the several courts of bankruptcy in their respective jurisdictions in proceedings in bankruptcy either interlocutory or final and in controversies arising in proceedings in bankruptcy, to review, affirm, revise or reverse both in matters of law and in matters of fact.

11 U.S.C. § 47(a) (repealed 1978). Courts read this provision as allowing interlocutory appeals to circuit courts as of right in "proceedings in bankruptcy" ("proceedings") but allowing appeal as of right only from final orders in "controversies arising in proceedings in bankruptcy" ("controversies").[13] The "distinction between 'proceedings' and 'controversies' ... long eluded concise and easily ascertainable definition." *In re Durensky*, 519 F.2d 1024 (5th Cir.1975). Courts commonly distinguished between questions regarding administration of the estate and questions as to whether certain property ought to be included in the estate. *Id.* at 1028; *see United Kingdom Mutual S.S. Assur. Assoc. v. Liman*, 418 F.2d 9, 10 (2d Cir.1969).

For all the intricacy of the proceeding/controversy distinction, though, § 24(a) allowed the possibility of a tremendous number of interlocutory appeals. As one recent court, applying the old provision put it:

> [S]ection 24(a) creates the prospect that most of the hundreds of orders that a court issues in the course of a protracted reorganization ... are appealable as a matter of right.

*Matter of Chicago, Milwaukee, St. Paul & P.R. Co.*, 756 F.2d 508, 511 (7th Cir.1985).

The present dispute would have been characterized as a proceeding. In *Durensky* when faced with the determination of subject matter jurisdiction by a bankruptcy judge,[14] we said, "we believe that it is clear as anything can be in this terminological morass that the instant case constitutes a proceeding."[15]

### 2. Interlocutory Finality—Playing Games with Trivial Proceedings

Motivated by a policy against piecemeal appeals, the courts developed a "trivial order" exception. This exception imported notions of finality into the jurisdictional requirement for appeal from orders in proceedings in bankruptcy. Orders were held to be trivial when they failed to finally resolve the rights at issue.[16] Again, as we said in *Durensky*:

> [T]he Government's motion to dismiss ... would surely be an appealable order

---

12. 92 Stat. 2549 (1978).

13. Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure* § 3926 at 103 (1977 and Supp. 1987).

14. In *Durensky* the government argued that the bankruptcy court had no jurisdiction "to determine the amount and legality of federal taxes due and owing by a bankrupt ... where the United States has filed no claim in the bankruptcy proceeding." 519 F.2d at 1028.

15. *Id.*

16. Appeals from proceedings were held to be trivial for several reasons: (1) because they were truly trivial, *In re W.F. Breuss, Inc.*, 586

F.2d 983, 987–89 (3rd Cir.1978) (dissent); (2) because no matter of bankruptcy administration was involved. *In re Continental Investment Corp.*, 637 F.2d 1, 4 (1st Cir.1980); and finally and most importantly, (3) because the order did not definitively resolve the issue on which appellate review was sought, and was therefore trivial in its consequences. *In re Durensky*, 519 F.2d 1024, 1029 (5th Cir.1975); *In re Bacchus*, 718 F.2d 736 (5th Cir.1983); *In re Abingdon Realty Corp.*, 634 F.2d 133 (4th Cir.1980); *In re Lloyd, Carr & Co.*, 614 F.2d 17, 20 (1st Cir.1980); *Good Hope Refineries v. Brashear*, 588 F.2d 846, 848 (1st Cir.1978).

in view of our determination that this case is a proceeding in bankruptcy. Such a sweeping conclusion would be ill-advised however, for the *courts of appeals have interpreted section 24a so as to allow appeals from interlocutory orders in proceedings only when the orders dispose of some right or duty asserted by one of the parties.* (citations omitted)

The obvious explanation for this judicial gloss on the statutory language is that if every word issuing from the bankruptcy judge's mouth or pen were to be a proper subject for immediate review . . . bankruptcy proceedings would cease to offer reasonably swift resolution of pressing economic difficulties. (citations omitted)

This Court has consistently ruled that in order for an interlocutory order in a bankruptcy proceeding to be appealable as of right, it must possess a "definitive operative finality."

519 F.2d at 1028–29 (emphasis added). This requirement of "definitive operative finality" rendered the distinction between controversies and proceedings substantially less important. In proceedings as well as controversies, the order had to be final with respect to the rights at issue. This finality variant of the trivial order exception was noted as having the potential to eliminate interlocutory bankruptcy appeals.[17]

Thus from the jurisprudence under the old Bankruptcy Act two important concepts emerge, the concept of the proceeding as the relevant jurisdictional unit and the concept of finality as a prerequisite to appealability of bankruptcy orders. But, the legal analysis in cases applying these concepts was far from clear, and a judicial gloss had substantially changed the understanding of the statutory language.

### B. Playing the Same Games Under The New Rules

When the Bankruptcy Code was enacted in 1978, and amended in 1984, the drafters of the Code solidified the two trends that had been developing in the case law. First, Congress abolished the distinction between controversies and proceedings, which was disappearing as a functional matter anyway. Second, Congress made the requirement of finality explicit. Under the amended statute, courts of appeals have jurisdiction only over "final decisions, judgments, orders and decrees." 28 U.S.C. § 158. Section 158 replaced a nearly identical provision, 28 U.S.C. § 1293(a),[18] which was in turn patterned on the general final order rule of 28 U.S.C. § 1291.[19] *In re County Management, Inc.,* 788 F.2d 311, 313 n. 2 (5th Cir.1986). The case law that has grown up around this new provision has recognized that § 1291 and § 158 do not give the same meaning to the same language.

Many courts have referred to the more flexible notions of finality included in the traditional bankruptcy jurisprudence, and have noted that § 158 "finality" is not the same as § 1291 "finality." To understand this distinction, we must separate the definition of the game itself from the definition of the end of the game.

### 1. Proceeding and Case—The Relevant Jurisdictional Unit is the Name of the New Game.

■ To be appealable an order must be final with respect to a "single jurisdictional unit." 788 F.2d at 313. Section 158 does away with the proceeding/controversy distinction, but it offers no further guidance

**17.** "It may well be that appellate distaste for interlocutory review will gradually expand the trivial order exception." 16 Wright, Miller, Cooper and Gressman, *Federal Practice and Procedure* § 3926 at 108 (1977 and Supp. 1987). "Under this open-ended approach, large numbers of orders could be found inherently open to reconsideration, and denied appeal." *Id.* at 109.

**18.** § 1293(a) states: "[A] court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of a District court of the United States . . ."

**19.** 28 U.S.C. § 1291 says: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."

as to the relevant jurisdictional unit which does apply. For the purposes of § 1291, the single jurisdictional unit is the case as a whole. In *In re Saco Development Corp.*, 711 F.2d 441 (1st Cir.1983), however, Judge Breyer pointed out that

> Although Congress has defined appellate bankruptcy jurisdiction in terms ... similar to those appearing in other jurisdictional statutes ... the history of prior federal law and the 1978 Act convinces us that Congress did not intend the word "final" here to have the same meaning— at least not with respect to the application of the traditional "single judicial unit rule."

*Id.* at 444. The court further noted,

> Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.

and concluded,

> In sum, given a longstanding Congressional policy of appealability, an uninterrupted tradition of judicial interpretation in which courts have viewed a "proceeding" within a bankruptcy case as the relevant "judicial unit" for purposes of finality, and a legislative history that is consistent with this tradition, we conclude that a "final judgment, order or decree" ... includes an order that conclusively determines a separable dispute over a creditor's claim or priority.

*Id.* at 445–446; *see In re Moody (Smith v. Revie)*, 817 F.2d at 363; Levin, *Bankruptcy Appeals*, 58 N.C.L.Rev. 967, 985 (1980)

(the relevant unit is called, "a *proceeding* arising under Title 11." (emphasis added)).

The circuit courts agree that proceedings are the relevant unit and no dispute has arisen over whether a given order is a product of a proceeding or something less. In this circuit a case certainly "need not be appealed as a single judicial unit" at the termination of the proceeding as a whole. *In re County Management, Inc.*, 788 F.2d 311, 313 (5th Cir.1986).

### C. The End of the Game—Defining Finality

But a split has developed between the Circuits over when such a dispute should be deemed over. The Third Circuit holds that the game ends when the bankruptcy court says it does, *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3rd Cir.1982), while the Fifth and Seventh Circuits hold that the game ends only when the district court says it does. *In re County Management, Inc.*, 788 F.2d 311 (5th Cir.1986);[20] *In re Riggsby*, 745 F.2d 1153 (7th Cir.1984).

In *Marin Oil*, the Third Circuit allowed an appeal in a case where the bankruptcy court denied a creditor's committee's motion to intervene, in spite of the fact that the district court reversed and remanded, because they determined that the finality of an order is determined by the character of the action of the bankruptcy court.

This is not the approach followed in this Circuit. As Judge Rubin said, in *In Re Moody (Smith v. Revie)*, 817 F.2d 365 (5th Cir.1987), when determining that a turnover

**20.** The split in circuits can be represented graphically. The law of this circuit can be depicted as follows:

Is an Order Appealable?

|  |  | District Court Order | |
|---|---|---|---|
|  |  | Not Final | Final |
|  | Not Final | Not Appealable | Appealable |
| Bankruptcy Court Order |  |  |  |
|  | Final | Not Appealable | Appealable |

In the Third Circuit, the law is as follows:

Is an Order Appealable?

|  |  | District Court Order | |
|---|---|---|---|
|  |  | Not Final | Final |
|  | Not Final | Not Appealable | Appealable |
| Bankruptcy Court Order |  |  |  |
|  | Final | Appealable | Appealable |

In this case, both the district court and the bankruptcy court agreed that the bankruptcy court had jurisdiction. The question therefore is whether under any circumstances a court's

order by the bankruptcy court was a final order.[21]

> For the purpose of Yogi Berra's celebrated maxim, "The game isn't over till it's over," a bankruptcy proceeding is over when an order has been entered that ends a discrete judicial unit in a larger case.

*Id.* at 368. For the order to be appealable, the game must really be over. To determine whether a remand by a district court really signals the end of the game, we must follow a two step inquiry. First, we must ask whether the order of the bankruptcy court itself is final in character, *Matter of Moody,* 825 F.2d 81 (5th Cir. 1987), and second, if it is, we must ask if the remand by the district court requires extensive further proceedings. *In re County Management,* 788 F.2d at 314. The answer to the first question must be in the affirmative while the answer to the second question must be in the negative.

### 1. Character of the Order

■ In order to be final in character, an order by a bankruptcy court must resolve a discrete unit in the larger case. The character of the bankruptcy court's order determines whether appeal is available as of right to the district court. A final order must "conclusively determine substantive rights." *In re Delta Services Industries,* 782 F.2d 1267, 1271 (5th Cir.1986). For example, in *In re County Management* a bankruptcy court order granting defendant's motion for summary judgment and dismissing a complaint was appealed to the district court as of right. 788 F.2d at 312. Dismissal of a complaint obviously ends a dispute. *See also, In re Bowman,* 821 F.2d 245, 246 (5th Cir.1987) (dismissal of

complaint as untimely filed appealed to district court). A bankruptcy court's recognition of a creditor's security interest is a final order. *In re Lift & Equipment Service, Inc.,* 816 F.2d 1013, 1015 (5th Cir. 1987). Such an order conclusively establishes a claim against the estate. Similarly, a turnover order, ordering an individual to turn over an antique coin, is final, settling authoritatively the inclusion of a piece of property in the estate. *In re Moody,* 817 F.2d 365 (5th Cir.1987).[22]

"On the other hand, the courts of appeals have considered bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets interlocutory and not appealable." *In re Delta Services Industries,* 782 F.2d at 1270–71. Thus an order appointing an interim trustee is not final. *Id.* An order requiring the winding up of a partnership prior to the final turnover order is not final. *Matter of Moody,* 825 F.2d 81 (5th Cir.1987).[23]

■ Applying these principles to the facts of this case, the question is whether a bankruptcy court's order denying a motion to dismiss for lack of jurisdiction is final. Of course a determination that a bankruptcy proceeding may go on does affect the rights of the litigants. But our inquiry on this point is controlled by precedent in this circuit. In *County Management* the issue of subject matter jurisdiction was raised before the bankruptcy court, and on appeal and was held not to be a ground for jurisdiction over the appeal:

> Defendants in their brief to this court have dusted off their argument that the bankruptcy court did not have subject

---

determination that it has subject matter jurisdiction can be a final order.

**21.** Note that this would have involved a controversy under the old law rather than a proceeding and therefore appeal would only have been available if this was a final order anyway.

**22.** Other circuits have consistently followed this approach, *In re Delta Services,* 782 F.2d at 1270: accordingly, an order allowing or disallowing an exemption is final; an order dismissing an objection to discharge of the bankrupt is final;

and an order granting relief from the automatic stay is final. *Id.*

**23.** Other circuits have applied this theory as well: an order authorizing a special master to negotiate a sale of assets is not final; an order denying application for approval of a settlement agreement is not final; an order denying confirmation of a Chapter 13 plan is not final; and an order denying a trustee's conversion motion is not final. *In re Delta Services,* 782 F.2d at 1271.

matter jurisdiction of this dispute. Even if we were to infer that the district court actually reviewed the merits of defendant's motion in the bankruptcy court to dismiss for lack of subject matter jurisdiction and determined that it was properly denied—a dubious proposition in light of the wording of their brief to the district court—it is clear that the denial of a motion to dismiss for lack of subject matter jurisdiction is not a final order. *Catlin v. United States*, 324 U.S. 229 [65 S.Ct. 631, 89 L.Ed. 911] (1945) (motion to dismiss, even on jurisdictional grounds, not immediately reviewable absent exceptional circumstances).

788 F.2d at 313–14 n. 3. This is not to say that Dr. Gonzalez will never be able to have his challenge to the jurisdiction of the bankruptcy court determined by this court. As we said in *Durensky:*

An order denying a motion to dismiss for lack of jurisdiction is perhaps unique in its incapacity permanently to affect the rights of the moving party, for jurisdictional defects may be recognized by a court at any time, on the motion of the parties or on its own motion.

*In Re Durensky*, 519 F.2d 1024, 1029 (5th Cir.1975). Gonzalez must simply await an appeal from some order of the bankruptcy court that actually resolves his rights with finality.

### 2. Nature of The Remand

Our conclusion is bolstered by the fact that even if Dr. Gonzalez had reached the end of the game in the bankruptcy court, the remand by the district court does not meet the level of finality required in this circuit. A remand from the district court reversing a final order of the bankruptcy court. *In re County Management, Inc.,* 788 F.2d at 314. Accordingly, in *In re Moody*, 817 F.2d 365 (5th Cir.1987), a turnover order was deemed final even though additional proceedings would be necessary in order to enforce that order. Similarly, in *In re Lift & Equipment Service, Inc.*, 816 F.2d 1013 (5th Cir.1987), where nothing more than "the bankruptcy court's review of the scheduled expenses," was required, the order was deemed final. *Id.* at 1016.

Here, by way of contrast, the entire bankruptcy proceeding remains before the parties. Far from a mere ministerial task, the entire reorganization remains to be accomplished.

Thus this appeal fails to rise to the level of a final order on both counts. The order of the bankruptcy court was not final in nature, and the remand of the district court is one that will require extensive proceedings on the merits.

### 3. The Collateral Order Exception Does Not Apply

Appellants also contend that this case fits within the collateral order exception to the final order rule. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To fit within the collateral order exception, "an order must at a minimum satisfy three conditions: [1] it must 'conclusively determine the question,' [2] 'resolve an important issue completely separate from the merits of the action,' and [3] 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). This argument fails under the third prong of this test. The question of subject matter jurisdiction is far from unreviewable on appeal from a final judgment. When there is a final judgment in this case appellants will be free to raise the issue of subject matter jurisdiction yet again.

### III. Conclusion

For these reasons, the judgment of the district court is *Affirmed.*