# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2025

Lyle W. Cayce
Clerk

_____

No. 24-20185

_____

IN THE MATTER OF KEHINDE ADEYEMI ELEBUTE,

*Debtor.*

KEHINDE ADEYEMI ELEBUTE,

*Appellant*,

*versus*

VILLAGE CAPITAL & INVESTMENT, L.L.C.; MICHAEL WEEMS,

*Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2674

_____

Before HIGGINBOTHAM, WILLETT, and HO, *Circuit Judges*.

JAMES C. HO, *Circuit Judge*:

Kehinde Adeyemi Elebute unsuccessfully challenged the foreclosure sale of his property in bankruptcy court. Years later, he tried again to challenge the foreclosure sale, this time in state court. To prevent this duplicative litigation, his suit was removed to the bankruptcy court. The bankruptcy court reopened and subsequently dismissed Elebute's case for want of prosecution after he failed to appear at a hearing. On appeal, the

district court dismissed Elebute's challenge to the reopening and affirmed the bankruptcy court's dismissal. Elebute now challenges both rulings. But we lack jurisdiction to review the reopening and find no error in the dismissal.

The order reopening the bankruptcy proceedings is unreviewable. Defendants Village Capital and Michael Weems request that we dismiss this portion of Elebute's appeal, arguing that the bankruptcy court's order reopening his case was a non-final, interlocutory order, which we lack appellate jurisdiction to review. We agree.

We review challenges to subject matter jurisdiction de novo. *In re KSRP*, 809 F.3d 263, 266 (5th Cir. 2015). "We have jurisdiction only if the underlying bankruptcy court order was final." *In re Delta Servs. Indus.*, 782 F.2d 1267, 1268 (5th Cir. 1986). As a result, "courts of appeals have considered bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets interlocutory and not appealable." *Id.* at 1270–71.

The bankruptcy court's reopening order falls into this latter category. As the district court observed, that order did not resolve the substantive issues that prompted Defendants' motion—*i.e.*, the removal of Elebute's state court action, the adjudication of his claims therein, and Village Capital's res judicata defense. Instead, the reopening order was "only a preliminary step" to resolve the parties' dispute and properly regarded as interlocutory. *Id.* As a result, we lack jurisdiction to consider Elebute's challenge to the bankruptcy court's reopening order.

In response to Defendants' motion to dismiss, Elebute argues that the merger rule allows our consideration of the bankruptcy court's interlocutory order on reopening. Under the merger rule, interlocutory rulings "merge[] into the final judgment" and are reviewable on appeal from that judgment.

*Diece-Lisa Industries v. Disney Enterprises*, 943 F.3d 239, 247 (5th Cir. 2019) (quotations omitted).

But "in the context of dismissal for failure to prosecute, courts prudently decline to review adverse interlocutory rulings because the matter under review is the dismissal itself." *Griggs v. S.G.E. Mgmt.*, 905 F.3d 835, 845 n.54 (5th Cir. 2018). This principle readily applies here.

Turning to the dismissal for lack of prosecution, Elebute argues that the bankruptcy court lacked jurisdiction over his claims because they did not relate to the prior bankruptcy proceeding. He asks us to reverse the district court's judgment and remand the case back to state court where he could continue his challenge to the foreclosure. We decline to do so because the bankruptcy court had jurisdiction to hear Elebute's claims.

"District courts, and their adjunct bankruptcy courts," enjoy broad jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In re Bissonnet Invs.*, 320 F.3d 520, 525 (5th Cir. 2003) (quoting 28 U.S.C. § 1334(b)). So in evaluating jurisdiction, we need "only to determine whether a matter is at least 'related to' the bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). A matter is "related to" bankruptcy where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (cleaned up). *See also In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

Under this standard, Elebute's state and bankruptcy actions are related. The state action challenged Village Capital's interest in the property at the center of the earlier bankruptcy case. The bankruptcy court reopened Elebute's bankruptcy case because its earlier judgment potentially precluded the state action. So the bankruptcy and state actions clearly relate to each

No. 24-20185

other.  As a result, the bankruptcy court had jurisdiction to enter an order dismissing the adversary proceeding.

\*       \*       \*

We dismiss Elebute's challenge to the bankruptcy court's reopening order for want of jurisdiction.  We affirm the judgment of the district court in all other respects.  Defendants' amended motion to dismiss a portion of Elebute's appeal is denied as moot.