**In re CASCO BAY LINES, INC.,**
**Debtor-Appellee.**

**Appeal of CITY OF PORTLAND.**

**Bankruptcy No. 81–9007.**

Bankruptcy Appellate Panel,
D. of Maine.

Oct. 28, 1981.

David A. Lourie, Corp. Counsel, and Karin F. Marchetti, Asst. Corp. Counsel, Portland, Me., for appellant.

Richard E. Poulos, Portland, Me., for debtor-appellee.

Before LAWLESS, C. J., and GLENNON and VOTOLATO, JJ.

VOTOLATO, Bankruptcy Judge.

The City of Portland has appealed from an order of the bankruptcy judge denying disqualification of the Debtor's attorney, Richard E. Poulos, Esq.

Casco Bay Lines (CBL) operates a state-regulated ferry service between its base in Portland, Maine and certain islands in Casco Bay. On June 12, 1980, CBL filed a Chapter 11 petition and applied to the bankruptcy court for authority to retain Poulos to represent it in the pending Chapter 11 proceedings. The application, which was granted, stated that Poulos was also representing Peter and Valerie Kontaratos, CBL's chief executive officers and majority stockholders. Both the Kontaratoses and CBL, through the Kontaratoses, consented to Poulos' dual representation.

A motion to disqualify Poulos from representing CBL was brought by Roger Hale, who owns ten percent (10%) of CBL's stock, and that motion was joined by the Maine Public Utilities Commission on the basis that Poulos would be representing conflicting interests during the course of the Chapter 11 proceedings. On October 22, 1980, the bankruptcy judge entered an order authorizing Poulos' permissive withdrawal as counsel for the Kontaratoses. Hale's motion for disqualification was dismissed on the same day. Both Hale and the PUC moved for reconsideration, with the City joining in said motion. The motion for reconsideration was denied, and the City has appealed from that order.

CBL argues in the alternative (1) that the City has no standing to appeal the bankruptcy court's order and (2) that the appeal should be denied as interlocutory. Because we find the order to be interlocutory for the reasons appearing below, we need not address the question of the City's standing.

In bankruptcy proceedings, as in virtually all civil actions, denial of disqualification motions are interlocutory, rather than final orders. *In re Continental Investment Corp.*, 637 F.2d 1 (1st Cir. 1980). The general rule in federal courts is that interlocutory orders are not appealable. *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). The rule serves "a strong congressional policy against piecemeal review, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974).

An interlocutory order may be appealed, however, if it comes within the collateral order exception. *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be collateral, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted). *See Abney v. United States*, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). If there is doubt whether an order is collateral, the matter should be resolved in favor of finding a nonappealable controversy. *In re Continental Investment Corp.*, 637 F.2d at 4; *In re Lloyd, Carr & Co.*, 614 F.2d 17, 19–20 (1st Cir. 1980).

In *In re Continental Investment Corp., supra*, the Court of Appeals for the First Circuit reviewed an order of the District Court denying a disqualification motion in a Chapter X reorganization proceeding. In analyzing the issue, the Court relied on the test it enunciated in *United States v. Sorren*, 605 F.2d 1211, 1213 (1st Cir. 1979).

Four requisites of appealability under [the collateral order] exception can be gleaned from the *Cohen* opinion and the cases applying it. The order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review, without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.

The court summarized these requisites as "separability, finality, urgency, and importance." 637 F.2d at 5. It was noted that the separability and finality elements were clearly met. The question of urgency, according to the court, rested on a determination of whether irreparable harm would result to the appellants from a delay in obtaining appellate review. *See Gardner v. Westinghouse Broadcasting Co.*, 559 F.2d 209, 212 (3d Cir. 1977), aff'd, 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978). Concluding that the *possibility* of a retrial of a complex corporate reorganization proceeding was insufficient to support a finding of urgency, the court held that an appeal of a denial of a disqualification motion in a reorganization proceeding was not "urgent" for purposes of the collateral order doctrine. It was also held, on the element of importance, "that denials of disqualification motions as a class raise significant unsettled legal questions too rarely to bring them within the *Cohen* exception." 637 F.2d at 6. This decision would therefore seem to preclude review of the instant appeal on the basis of the collateral order exception.

However, appellant argues that to the extent that the decision in *Continental Investment, supra,* departs from the recent Supreme Court decision in *Firestone Tire &*

*Rubber Co. v. Risjord,* 449 U.S. 368 and 896, 101 S.Ct. 669 and 264, 66 L.Ed.2d 571 and 66 L.Ed.2d 126 (January, 1981), the latter controls.

*Firestone* involved the District Court denial of a motion to disqualify opposing counsel because of a conflict of interest. The Court in that case considered the three factors mentioned in *Coopers & Lybrand, supra,* in holding that the collateral order doctrine was inapplicable. The justices found that the order "conclusively determine[d] the disputed question," and assumed, without deciding, that the order "resolve[d] an important issue completely separate from the merits of the action." However, the Court held that the petitioner was unable to demonstrate that the order denying disqualification was "effectively unreviewable on appeal from a final judgment." 449 U.S. at 375, 674.

In our view, the only difference between this formula for determining whether an order is collateral, and that used by the First Circuit in *Continental Investment* is the addition of the "importance" requisite in the latter. Since the other three requirements are essentially identical, and *Continental Investment* held that a denial of a disqualification motion in a bankruptcy proceeding was capable of redress on appeal from a final judgment, the law in the First Circuit that such an order is not within the collateral order exception remains unchanged by the *Firestone* decision. Therefore, review without leave of court is not permissible in this case.