**In re WIEBOLDT STORES, INC., Debtor.**

**HARLEM–IRVING REALTY, INC., as agent for LaSalle National Bank as successor Trustee under Trust Agreement dated April 25, 1966, and known as Trust No. 10–019386–09, as successor to Harlem-Irving Plaza, Inc., Plaintiff,**

**v.**

**WIEBOLDT STORES, INC., Defendant.**

**Bankruptcy Nos. 86 B 14850, 86 A 1122. No. 86 C 8470.**

United States District Court, N.D. Illinois, E.D.

Dec. 2, 1986.

Larry M. Wolfson, Catherine Steege, Jenner & Block, Chicago, Ill., for plaintiff.

David N. Missner, Schwartz Cooper Kolb & Gaynor, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

### BACKGROUND FACTS

Wieboldt Stores, Inc. ("Wieboldt's") is a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code. Harlem-Irving Realty, Inc. ("Harlem-Irving"), which has been Wieboldt's landlord as to certain commercial property, presented a motion on September 26, 1986 before Bankruptcy Judge DeWitt for relief from the automatic stay imposed by Wieboldt's Chapter 11 proceedings. Harlem-Irving claimed in its motion that it had terminated its lease with Wieboldt's before the commencement of Wieboldt's bankruptcy proceedings and that this termination constituted "cause" to lift the stay.* In addition to requesting a modification of the stay, Harlem-Irving in its motion asked Judge DeWitt to restore it to possession of the Wieboldt's premises.

On September 29, 1986 Wieboldt's filed a preliminary response in the Bankruptcy Court which set forth numerous reasons why both Harlem-Irving's Application and the relief sought were inappropriate. Wieboldt's argued (1) that since part of the relief sought by Harlem-Irving was declaratory in nature, *i.e.* a declaration that Harlem-Irving effectively terminated its lease pre-petition, the Application was premature and (2) that Bankruptcy Rule 7001 required an adversary proceeding to determine the parties' rights under the lease.

On October 10, 1986 Bankruptcy Judge Dewitt ordered Harlem-Irving to file an adversary complaint. Harlem-Irving did so that same day. In its adversary complaint Harlem-Irving sought to preserve its right to pursue the Application. Harlem-Irving also requested the Bankruptcy Court to modify the automatic stay and to enter an order of possession.

On October 17, 1986 Wieboldt's moved the Bankruptcy Court to dismiss Harlem-Irving's Application for relief from the stay or, alternatively, to incorporate the issues raised in the Application into the adversary proceeding. Wieboldt's identified for the court disputed factual and legal issues which required a full evidentiary hearing. These issues included (a) the validity of Harlem-Irving's notice of default; (b) the validity of Harlem-Irving's notice of termination; and (c) the question whether Harlem-Irving by its conduct had waived the time periods for payment of rent specified in the lease. Because these issues require a declaration of the parties' rights under the lease, Wieboldt's argued that an adversary proceeding determining these issues was a condition precedent to any consideration of the Application at that time.

On October 22, 1986 the Bankruptcy Court struck Harlem-Irving's Application without prejudice and set December 9, 1986 as the trial date on the issues raised in the adversary complaint ("October 22 Order"). The Bankruptcy Court actually entered this order on October 27, 1986.

On October 29, 1986 the Bankruptcy Court denied (the "October 29 Order") Harlem-Irving's Motion to Reconsider the October 22 Order. The October 29 Order also struck without prejudice the paragraph in Harlem-Irving's adversary complaint which requested the modification of the automatic stay.

Harlem-Irving asks this court to either (1) enter an order declaring that under § 362(e) the automatic stay is lifted or (2) grant Harlem-Irving summary judgment and schedule a § 362(e) hearing. In addition, Harlem-Irving asks this court to withdraw its reference to the bankruptcy court.

---

*. Under § 362(e), when a party in interest requests relief from an automatic stay, a bankruptcy court must, within 30 days, order a hearing to determine whether that party has "cause" to lift the stay.

## DISCUSSION

The statute under which Harlem-Irving appeals is 28 U.S.C. § 158(a). That provision provides district courts with jurisdiction over final bankruptcy decisions. Section 158(a) also gives district courts discretion to review interlocutory bankruptcy decisions. Both parties concede that Judge DeWitt's order is not a final decision. *See generally In the Matter of Morse Electric Co., Inc.,* 805 F.2d 262, 264–66 (7th Cir. 1986); *In re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983).

■ Nor does Judge DeWitt's order fall within the collateral order exception to the finality doctrine. Under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1945), an order will be considered "final" if it (1) finally determines rights collateral to and separable from the main proceeding; (2) presents a serious and unsettled question; and (3) is effectively unreviewable on appeal from final judgment such that denial of immediate review will harm appellant irreparably. *In Re Huff,* 61 B.R. 678, 681 (N.D.Ill.1986).

Harlem-Irving has not met *Cohen's* first requirement. Judge DeWitt did not finally decide rights which are collateral to and separable from the bankruptcy case. Judge DeWitt did not finally decide that Harlem-Irving is not entitled to relief from the stay. Moreover, such a decision would not be collateral to the merits of the bankruptcy proceeding, which involve the question whether Harlem-Irving terminated its lease with Wieboldt's before Wieboldt's filed for bankruptcy.

■ Although the court has discretion under 28 U.S.C. § 158(a) to hear interlocutory appeals in bankruptcy matters, this court agrees with District Court Judge Aspen that interlocutory bankruptcy appeals should be the exception rather than the rule; we do not want to encourage piecemeal appeals. *See In Re Huff,* 61 B.R. 678, 682 (N.D.Ill.1986).

■ Section 158(a) does not give district courts criteria which they can apply in exercising their discretion. Some district courts have analogized 158(a) to 28 U.S.C. 1292(b), which governs interlocutory appeals to courts of appeals. *Id.* Under § 1292(b), a court of appeals can (but need not) decide to review a case which involves a controlling question of law as to which there is substantial ground for difference of opinion, if an immediate appeal may materially advance the termination of the litigation.

Harlem-Irving has not met the second part of the § 1292(b) test. This court's review of Judge DeWitt's order will not materially advance the ultimate termination of this case. Judge DeWitt will proceed on December 9th to try the issues involved in Harlem-Irving's request for relief. This court could, at best, keep pace with Judge DeWitt; it could not, by hearing this appeal, materially advance the termination of the bankruptcy litigation.

Even if Judge DeWitt's order satisfied the standards of § 1292(b), this court would not grant Harlem-Irving's request for immediate appeal. This court perceives no policy reasons for permitting appeal. For example, this case does not present jurisdictional issues of systemic importance. *Cf. In Re Gianakas,* 56 B.R. 747, 749 (N.D.Ill.1985). Further, Harlem-Irving will not be irreparably harmed if it cannot immediately appeal Judge DeWitt's order, as Judge DeWitt has required Wieboldt's to pay rent to Harlem-Irving during the bankruptcy proceeding. Neither will Harlem-Irving, without immediate appeal, lose its alleged right to modification of the stay. Under Judge DeWitt's order, Harlem-Irving can renew its application for modification during/after the December 9, 1986 proceeding.

■ Finally, this court will not withdraw its reference to the bankruptcy court. On December 9, 1986 Judge DeWitt will try the issue whether Harlem-Irving terminated its lease before Wieboldt's filed for bankruptcy; this proceeding is a "core proceeding." 28 U.S.C. § 157(d). Therefore, § 157(d) does not require this court to withdraw its reference. Further, Harlem-Irv-

ing has not demonstrated "cause" for a discretionary withdrawal of the reference.

## CONCLUSION

For the foregoing reasons, Harlem-Irving's motion for withdrawal of reference is DENIED and its appeal is DISMISSED.