**In re Lew H. THOMPSON, aka Lewis Homer Thompson, aka Lewis H. Thompson, and Milew, Inc., Debtor.**

**No. C85–3459Y.**

United States District Court, N.D. Ohio, E.D.

March 31, 1987.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This action arises on appeal from a final order of United States Bankruptcy Judge Harold F. White entered October 4, 1985, 54 B.R. 311. On January 21, 1985 the Bankruptcy Court allowed an award of attorneys' fees of $6,000.00 to attorney James H. Beck for services rendered on behalf of the estate and $500.00 in fees to

Thomas L. Corroto as trustee for the estate. Mr. Beck moved for an amendment of the judgment to allow him fees totalling $10,143.50. The Bankruptcy Court, on October 4, 1985, denied the motion to amend and vacated all prior orders awarding fees and expenses to Mr. Beck and compensation to Mr. Corroto. The Court ordered attorney Beck to reimburse the consolidated estates of Lew H. Thompson and Milew, Inc. the sum of $4,814.24. Upon review of the Bankruptcy Court's finding and order, the brief of appellant and the record below, the undersigned Judge, for the reasons stated below, affirms the Bankruptcy Court's judgment.

Federal Rule of Bankruptcy 8013 states:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

 Findings of fact by the Bankruptcy Court are to be reviewed under the clearly erroneous standard while the Bankruptcy Court's conclusions of law are reviewed *de novo*. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986). The sum to be awarded as attorney's fees is within the discretion of the court and a reviewing court should only disturb the award if there is a clear abuse of discretion. *Krause v. Rhodes*, 640 F.2d 214, 218 (6th Cir.1981).

In its January 21, 1985 order allowing fees of $6,000.00 to Mr. Beck and $500.00 in fees to Mr. Corroto, the Bankruptcy Court noted that they brought four separate adversary proceedings. Two of the proceedings were unsuccessful and two resulted in a recovery of $1,111.00 to the estate. The Court noted that the majority of the estate's funds, $15,500.00, were received by September 2, 1980. The Court found that the last receipts in the estate were received on August 5, 1982. The total receipts of the estate were $17,273.49.

The Court noted that neither Mr. Beck nor Mr. Corroto deposited these funds in an interest bearing account. The Court found that an award of $11,097.00 in attorney's fees, as originally requested by Mr. Beck, was excessive. Considering these and other factors, the Court on January 21, 1985 awarded fees to Mr. Beck and Mr. Corroto as previously discussed.

Mr. Beck petitioned the Bankruptcy Court to amend the amount of fees awarded to $10,143.50. The Court refused to alter the fees as requested and determined that Mr. Beck had an actual conflict of interest in his representation of both the debtor and a secured creditor during at least a portion of the pendency of the action. The Court determined that Mr. Beck was entitled to no attorneys fees under the circumstances. The Court also determined that Mr. Corroto was entitled to no compensation as trustee because he performed no services for the estate.

Mr. Beck asserts that the Bankruptcy Court committed reversible error by not allowing former Bankruptcy Judge Schlachet, who presided over the early stages of the proceedings, to testify in regard to Mr. Beck's employment and interim fees applications. Mr. Beck asserts that, while presiding over this action, Mr. Schlachet was aware of Mr. Beck's representation of a creditor. He asserts there was no actual conflict of interest in his filing proof of claim forms after his employment as attorney for the trustee. Both Mr. Beck and Mr. Corroto assert that the Bankruptcy Judge abused his discretion in refusing to award them any fees.

 Only under extraordinary circumstances can a judge be required to testify concerning actions taken in his judicial capacity. *United States v. Maria C. "Robin" Dowdy*, 440 F.Supp. 894, 896 (W.D.Va. 1977). Mr. Beck has shown no "extraordinary circumstances" which would require Mr. Schlachet's testimony in these proceedings. Mr. Beck admits that there was "technical noncompliance" with the requirements of disclosure of his representation of the creditor but asserts that Mr. Schlachet was aware of this representation.

Even if Mr. Beck's assertions of Mr. Schlachet's knowledge are correct, the fact remains that nowhere in the record is his representation of the creditor disclosed. There is nothing in the record to indicate that other creditors who might have been actually injured by Beck's representation of a creditor had any knowledge of this representation. Therefore, Mr. Schlachet's knowledge is irrelevant.

■ Under the circumstances of the present case, where there was no public disclosure of Mr. Beck's representation of a creditor, the filing of proof of claim forms on behalf of the creditor was an actual conflict of interest. The Bankruptcy Court had an opportunity to observe the demeanor of the witnesses and to assess their credibility. The Bankruptcy Court did not abuse its discretion in determining that there was a conflict of interest in Mr. Beck's representation of a creditor. The evidence supports such a conclusion.

■ An application for attorney's fees may be denied if the employment presents an inherent conflict of interest. *In re: Georgetown of Kettering, LTD.*, 750 F.2d 536, 540 (6th Cir.1984). The Bankruptcy Court's opinion and order of October 4, 1985 denying fees to Mr. Beck and Mr. Corroto and ordering Mr. Beck to reimburse the estate in the sum of $4,814.24 is affirmed.

This action is terminated and dismissed.

IT IS SO ORDERED.