**JONES MANUFACTURING, INC.,**
**Debtor/Appellant,**

v.

**WORTECH, INC., Appellee.**

**No. S88–0073C.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Sept. 15, 1988.

William L. Syler, Limbaugh, Russell & Syler, Cape Girardeau, Mo., for debtor/appellant.

Norman W. Pressman, Popkin & Stern, St. Louis, Mo., for appellee.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on an appeal by Jones Manufacturing, Inc., from the Bankruptcy Court's order granting Wortech, Inc.'s motion for relief from an automatic stay of Jones' bankruptcy proceedings. In so ruling, the Bankruptcy Court found that a valid and perfected security interest existed under Missouri law.

 A district court reviews a bankruptcy court's findings of fact for clear error and the conclusions of law de novo. *In re Thompson,* 77 B.R. 113, 114 (N.D.Ohio 1987); *Matter of Pizza, Inc.,* 40 B.R. 1014, 1015 (D.Hawaii 1984). The parties below stipulated to many of the facts necessary for a determination of the legal dispute at issue.

The controversy centers around appellant Jones' purchase of certain assets of appellee Wortech's including 17 trailer mounted concrete pumps. The parties signed a bill of sale and two separate promissory notes for the pumps. In addition, appellant filed 34 UCC financing statements in favor of appellee evidencing the parties' intent that appellee be considered a secured party in relation to the concrete pumps.

 Despite the absence of specific language granting appellee a security interest in the promissory notes and bill of sale, the Bankruptcy Court correctly found that the references to the existence of a security interest in those documents along with the fact that appellant filed 34 UCCs on appellee's behalf satisfied the requirements for an enforceable security interest in MO. REV.STAT. § 400.9–203(1)(b) (1986). The bankruptcy court's decision accurately reflects the holding in *United States v. Missouri Farmers Association, Inc.,* 580 F.Supp. 35 (E.D.Mo.1984), *aff'd* 764 F.2d 488 (8th Cir.1985). No precise words are required by the Missouri UCC to create an enforceable security interest. *Id.* at 36.

 The bankruptcy court also correctly found that appellee adequately perfected its security interest by the filing of 34 UCC financing statements. MO.REV.STAT. § 400.9–402(1) (1986). The court determined that despite the confusion in typewritten language on the face of the statements ("secured party has consigned to the Debtor"), the statement put any third-party sufficiently on notice of appellee's interest in the collateral as a secured party.

For the foregoing reasons, the Court finds no error in the Bankruptcy Court's decision. Accordingly,

IT IS HEREBY ORDERED that the memorandum opinion of the United States Bankruptcy Court in S88–0073 is affirmed.