**In re QF FINANCE, LTD., a Delaware corporation, Debtor–Appellee,**

v.

**NATIONAL INDEMNITY CORPORATION,**
**Appellant.**

No. 94–C–7122.

United States District Court,
N.D. Illinois,
Eastern Division.

April 26, 1995.

---

Mark Lawrence Prager, Jeffery S. Norman, Foley & Lardner, Chicago, IL, for appellant.

David A. Golin, Rosenthal & Schanfield, P.C., Chicago, IL, for debtor-appellee.

## *MEMORANDUM OPINION AND ORDER*

CASTILLO, District Judge.

This case involves a dispute concerning the future ownership of certain real property (the "property") and the enforceability of redemption provisions in the Chapter 11 Bankruptcy Plan (the "Plan") of QF Finance Ltd. ("QF"). On November 28, 1994, National Indemnity Corporation ("National") filed a Motion for Leave to Appeal, pursuant to 28 U.S.C. § 158(a), from an Interlocutory Order entered by the Honorable United States Bankruptcy Court Judge Robert E. Ginsberg. The bankruptcy court granted a stay of the Order pending appeal to the district court. For the following reasons, the Court denies National's Motion for Leave to Appeal.

### ANALYSIS

1. National's Motion for Leave to Appeal is governed by 28 U.S.C. § 158(a). Section 158(a) "grants district courts jurisdiction to accept, at their discretion, interlocutory appeals from the bankruptcy court." *In re Klein,* 70 B.R. 378, 380 (N.D.Ill.1987). Although the statute does not provide guidelines for the exercise of the court's discretion, "the majority of courts construing the provision have adopted the standards set forth under 28 U.S.C. § 1292(b), which authorizes interlocutory appeals from district courts to courts of appeals." *Id.* (and cases cited within).

2. The Seventh Circuit has rejected this view. In *In re Jartran, Inc.,* 886 F.2d 859, 865–66 (7th Cir.1989), the Seventh Circuit decided that requiring district courts to certify interlocutory appeals from the bankruptcy courts would be at odds with the goals of the 1984 amendments to the bankruptcy code. The Seventh Circuit held that district courts have discretion to hear appeals from the bankruptcy court without first certifying

the issue in a manner similar to that under Section 1292(b).

3. National's Motion for Leave to Appeal is denied for three reasons: (1) National has used delay in this case for the purpose of engaging in piecemeal litigation; (2) National has failed to properly prosecute its Motion, which frustrates the fundamental purpose of its proposed interlocutory appeal; and (3) the merits of the interlocutory appeal are moot, given that a final order from the Bankruptcy Court entering a permanent injunction involving the same legal issues presented in this case is currently pending before Judge Gettleman.

4. National has failed to prosecute its Motion for Leave to Appeal, in violation of Local Rule 12(I), apparently so that the resulting delay would allow it to obtain final judgments from the Bankruptcy Court, appeal each of those judgments to a district court judge, and then file a Motion to Consolidate all the issues in the case before this Court. In the meantime, from November 28, 1994, to the present time (approximately six months), National failed to present its Motion for Leave to Appeal for a ruling by this Court. National's use of a delay tactic is not new. National also used delay to its advantage in Judge Ginsberg's Court by waiting for rulings on the issue of whether the Confirmed Plan prevented it from seeking a Petition for a Tax Deed, without advising the Bankruptcy Court that the deadline for filing the Petition was drawing near. Then, when time had run out, National filed the Petition, forcing QF to redeem the property by February 5, 1995, or forfeit its rights. This tactic was in direct contravention to the Confirmed Plan which did not give QF a deadline to redeem the property. Further, by taking matters into its own hands, National sidestepped the bankruptcy court's jurisdiction and used the delay as an excuse for violating the Plan. National also now claims that it cannot "rescind" the Petition it sought in violation of the Plan, the bankruptcy code and the Court's jurisdiction over the property, because to "rescind" now would mean that National would forfeit its property rights and lose the case. Furthermore, National convinced Judge Ginsberg to stay the execution

of his Order requiring National to rescind its Petition for a Tax Deed (another delay), so that it could pursue an interlocutory appeal in this Court. Instead of pursuing this interlocutory appeal in a diligent manner, National filed its Motion for Leave to Appeal in this Court, but failed "to serve notice of a date of presentment to the Court within 10 days of delivering a copy of the motion to the court" pursuant to Local Rule 12(I). In fact, the only notice of the Motion National gave the Court was contained on page 7 of its "Motion To Reassign Related Appeals and Extend Briefing," which (ironically) National somehow knew to notice up under Local Rule 12(I). These are the actions which cause this Court to conclude that National has used both Judge Ginsberg's Stay Order and its own delay in obtaining this Court's ruling on the Motion to obtain final judgments in the Bankruptcy Court, so that it could decide the forum in which it desired to proceed. This Court will not allow its potential discretionary jurisdiction over this interlocutory appeal to be abused in this manner.

4. These tactics represent the type of "piecemeal litigation" which the district court seeks to discourage. In bankruptcy cases, interlocutory appeals "should be the exception rather than the rule; [since] we do not want to encourage piecemeal appeals." *In re Wieboldt,* 68 B.R. 578, 580 (N.D.Ill.1986).

5. Interlocutory appeals serve as a means to expedite rulings on legal issues which materially affect the ultimate disposition of the case before a final judgment on all pending issues has been entered. This purpose has been frustrated by National's failure to properly prosecute its appeal by "noticing up" its Motion and seeking an expedited review from this Court in violation of Local Rule 12(I).

6. The Motion should also be denied on the merits. Since National filed its Motion for Leave to Appeal, Judge Ginsberg has entered an Order granting a permanent injunction in favor of QF on the same issue presented in this case, namely, whether National should be required to "rescind" its Petition for a Tax Deed because its actions violated the redemption provisions of QF's Confirmed Chapter 11 Plan of Reorganization and effectively sidestepped the authority of the Bankruptcy Court's jurisdiction over the property in question in violation of 11 U.S.C. §§ 524 and 1141. The permanent injunction, and the appeal from it, are pending before Judge Gettleman in case number 95 C 902. This permanent injunction effectively moots the issue of whether the preliminary injunction was proper on the merits. Therefore, there is no need to grant the Motion for Leave to Appeal, since the issues National seeks to address are before the district court from a final order of the Bankruptcy Court.

7. In summary, the Court denies National's Motion for Leave to Appeal for three reasons: (1) the district court's broad discretion to grant or deny interlocutory appeals permits this Court to deny the Motion based on its belief that National sought the interlocutory appeal to engage in piecemeal litigation; (2) National's delay in seeking review of the Motion for Leave to Appeal frustrates the purpose of interlocutory appeals; (3) the merits of the interlocutory appeal are moot given that a final order from the Bankruptcy Court entering a permanent injunction involving the same legal issues is pending before Judge Gettleman.

## CONCLUSION

Although any one of the three reasons given for denying the Motion for Leave to Appeal might not be sufficient to justify denial of the Motion when viewed in isolation, together these reasons provide compelling grounds for the Court's decision not to use its discretion to proceed with the proposed interlocutory appeal. Therefore, the Clerk of the Court is directed to deny National's Motion for Leave to Appeal and its Motion to Reassign Cases. This case is terminated and dismissed with prejudice. This Order shall constitute a final order for purposes of Fed. R.Civ.P. 58.