In re Peter J. GRAVES, Debtor.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Gerald Lis and Joanne Lis,
Defendants/Appellants.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Timothy McKay, Defendant/Appellant.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Letha Dawson, Defendant/Appellant.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

John W. Megge and Jeanette Megge,
Defendants/Appellants.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Mary Jo Joseph, Defendant/Appellant.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Rosario B. Ohms, Defendant/Appellant.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Jason Parmelee and Lori Parmelee,
Defendants/Appellants.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Gary Golomb, Defendant/Appellant.

Basil Simon, Chapter 7 Trustee,
Plaintiff/Appellee,

v.

Arlyne Zabawa, Defendant/Appellant.

Nos. 12–13854, 12–13859, 12–13861, 12–
13867, 12–13870, 12–13871, 12–13873,
12–13880, 12–13881.
Bankruptcy No. 10–53046.
Adversary Nos. 12–04691, 12–04704, 12–
04705, 12–04714, 12–04723, 12–04727,
12–04732, 12–04746, 12–04761.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 8, 2012.

Kristy L. Biddinger, The Findling Law Firm, Royal Oak, MI, for Plaintiff/Appellee.

Sheldon S. Toll, Sheldon S. Toll Assoc., Southfield, MI, for Defendants/Appellants.

### OPINION AND ORDER DISMISSING BANKRUPTCY APPEALS

GERALD E. ROSEN, Chief Judge.

### I. INTRODUCTION

In the nine above-captioned adversary proceedings, Plaintiff/Appellee Basil Simon, the appointed Chapter 7 trustee of Debtor Peter J. Graves, seeks to recover monies paid to the Defendants/Appellants prior to Debtor's filing of his bankruptcy

petition in April of 2010.[1] In support of these recovery efforts, the Plaintiff trustee alleges that Debtor operated a Ponzi scheme, and that Defendants were the recipients of fraudulent pre-petition transfers of funds acquired by Debtor during the operation of this scheme. Accordingly, Plaintiff has asserted a number of fraudulent transfer claims against these nine Defendants, arising under both the federal Bankruptcy Code and Michigan law.

In each of the nine adversary proceedings, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Bankruptcy Court, as a non-Article III court, lacks the authority to issue final judgments on the claims asserted in Plaintiff's adversary complaints. As support for this jurisdictional challenge, Defendants have appealed to the Supreme Court's recent decision in *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), viewing this ruling as a broad command that only Article III courts may finally adjudicate suits which are "made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789," *Stern*, 131 S.Ct. at 2609 (internal quotation marks and citation omitted).

The Bankruptcy Court denied Defendants' motions, concluding that even if the Plaintiff trustee's claims were governed by the ruling in *Stern*, the requested relief of dismissal would not be appropriate. Defendants now appeal the Bankruptcy Court's denial of their motions to dismiss. For the reasons set forth below, the Court finds that Defendants' appeals must be dismissed as impermissible challenges to interlocutory orders.

## II. *ANALYSIS*

### A. The Bankruptcy Court's Denial of Defendants' Motions to Dismiss Is Not a "Final" Order That Defendants May Immediately Appeal as of Right.

 Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the Bankruptcy Court. "A 'final' decision generally ends the litigation on its merits and leaves nothing for the court to do but execute the judgment." *Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.)*, 801 F.2d 186, 189 (6th Cir.1986) (internal quotation marks and citation omitted). "The concept of 'finality' in the bankruptcy context," however, "should be viewed functionally," with appellate courts enforcing this threshold requirement "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 541–42 (6th Cir.1989) (internal quotation marks and citations omitted). Thus, the Sixth Circuit has allowed an immediate appeal from "an order in a bankruptcy case [that] finally disposes of discrete disputes within the larger case." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996) (internal quotation marks, alteration, and citation omitted).

 The order at issue here is the Bankruptcy Court's decision to deny Defendants' motions to dismiss for lack of subject matter jurisdiction. In the context of appeals from a district court ruling, the Supreme Court has expressly held that the "denial of a motion to dismiss, even when

---

1. Beyond these nine adversary proceedings, the Plaintiff trustee evidently has commenced a number of similar adversary proceedings against other individuals, but the Bankruptcy Court's rulings in these other proceedings have not been appealed to this Court.

the motion is based on jurisdictional grounds, is not immediately reviewable" as a final order. *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945). Although, as noted, the notion of "finality" in a bankruptcy order may be somewhat broader, the courts have not viewed the holding in *Catlin* as limited strictly to appeals from district court rulings, but instead have looked to this same Supreme Court decision in concluding that a bankruptcy court order denying a motion to dismiss for lack of jurisdiction is not final and immediately appealable. *See, e.g., Path–Science Laboratories, Inc. v. Greene County Hospital (In re Greene County Hospital)*, 835 F.2d 589, 595–96 (5th Cir.1988); *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1491–92 (10th Cir.1984). This Court, likewise, sees no reason why the rule stated in *Catlin* should not be equally applicable here.

Alternatively, even if Defendants' claim to an appeal as of right were not squarely foreclosed by the holding in *Catlin*, it would be defeated by the more general principle that a final, appealable order under § 158(a)(1) must "finally dispose[ ]" of a "discrete dispute[ ]" within the larger bankruptcy case. *See Lindsey*, 86 F.3d at 488; *see also Adelman v. Fourth National Bank & Trust Co., N.A. (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir.1990) (explaining that "the appropriate 'judicial unit' for application of the[ ] finality requirement[ ] in bankruptcy is . . . the particular adversary proceeding or discrete

controversy pursued within the broader framework cast by the petition"). The Bankruptcy Court order at issue here did not bring any aspect of the nine above-captioned adversary proceedings to an end. To the contrary, the Bankruptcy Court held only that it could continue to preside over these proceedings, at least at their present stages and until they approached the entry of final judgments. To the extent that Defendants read the Supreme Court's recent decision in *Stern* as precluding the Bankruptcy Court from entering final judgments in these proceedings, the Bankruptcy Court has yet to take a position on this issue, one way or the other, and nothing in the ruling on appeal would prevent the Bankruptcy Court from revisiting this matter—or, indeed, adopting Defendants' view on this subject. It readily follows, then, that the Bankruptcy Court's order denying Defendants' motions to dismiss lacks any quality of "finality" that would render it immediately appealable as of right under § 158(a)(1).

**B. Defendants Have Not Satisfied the Criteria for Permitting an Interlocutory Appeal of the Bankruptcy Court's Ruling.**

▮ Although the Bankruptcy Court's ruling is not immediately appealable as a "final" order under § 158(a)(1), this Court nevertheless has the discretion under § 158(a)(3) to grant Defendants leave to appeal from this interlocutory order. The Court readily concludes, however, that no such leave should be granted here.[2]

---

**2.** In their briefs on appeal, Defendants seem to acknowledge, at least tacitly, that they might well require leave of the Court to pursue their appeals, as they point to the language of Bankruptcy Rule 8003(c) advising that, where appropriate, the Court should treat each of their notices of appeal "as a motion for leave to appeal." Yet, apart from this cursory reference to Bankruptcy Rule

8003(c), Defendants have made no effort whatsoever to identify any reasons why the Court should grant leave to appeal, nor have they addressed any of the factors that enter into this decision. On this basis alone, then, the Court could deny leave to appeal, because it is not the obligation of the Court to formulate arguments on a party's behalf.

■ In determining whether to grant leave to appeal from the Bankruptcy Court's interlocutory order, the Court considers the following factors: (i) "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion;" (ii) "whether an immediate appeal may materially advance the ultimate termination of the litigation;" and (iii) "whether denying leave would result in wasted litigation and expense." *In re Eggleston Works Loudspeaker Co.,* 253 B.R. 519, 521 (6th Cir. BAP 2000); *see also In re PHM Credit Corp.,* 99 B.R. 762, 767–68 (E.D.Mich.1989). The Court finds that none of these factors supports an interlocutory appeal of the challenged order.

First, the Court cannot say that there is a "substantial ground for difference of opinion" on the issue of subject matter jurisdiction addressed in the Bankruptcy Court's ruling and challenged by Defendants on appeal. To be sure, the courts have expressed divergent views as to the precise scope of the Supreme Court's decision in *Stern,* and they are still wrestling with the fallout from this ruling. Yet, *Stern* itself fairly conclusively resolves the only issue that the Bankruptcy Court found it necessary to decide in its challenged order—namely, whether, as Defendants broadly contended, these nine adversary proceedings are subject to dismissal for lack of subject matter jurisdiction. In particular, the Supreme Court observed that the statute under consideration in *Stern,* 28 U.S.C. § 157, "allocates the authority to enter final judgment between the bankruptcy court and the district court," but it emphasized that this "allocation does not implicate questions of subject matter jurisdiction." *Stern,* 131 S.Ct. at 2607. The Court later returned to this distinction between the power to enter judgments and the jurisdictional authority to preside over a proceeding, noting that the respondent in that case had not "argued that the bankruptcy courts are barred from hearing" the petitioner's counterclaim "or proposing findings of fact and conclusions of law" as to this counterclaim, "but rather that it must be the district court that finally decides" this counterclaim. 131 S.Ct. at 2620 (internal quotation marks, alteration, and citation omitted). Consequently, while Defendants' underlying motions to dismiss and their present appeals rest heavily on the ruling in *Stern,* this Court reads the decision in *Stern* itself as largely confirming the Bankruptcy Court's determination that the adversary proceedings brought against Defendants are not subject to dismissal for lack of subject matter jurisdiction.

Next, allowing an immediate appeal here will not materially advance the ultimate resolution of the nine adversary proceedings. As observed earlier, the Bankruptcy Court's ruling has done nothing to impede the progress of these proceedings in any way, and this remains true no matter whether this ruling is affirmed or overturned upon any eventual review. In either case, a forum will be available to litigate the Plaintiff trustee's claims, and Defendants fail to suggest any reason why the Bankruptcy Court cannot effectively manage the pre-trial phase of this litigation.

Moreover, the Bankruptcy Court is fully competent—and, in fact, statutorily empowered, *see* 28 U.S.C. § 157(b)(3)—to make the initial determination as to whether it is permitted to enter final judgments in these adversary proceedings, or whether this function instead must be performed by this Court. Indeed, by waiting until this issue is actually ripe for determination—*i.e.,* when the proceedings have advanced beyond the pre-trial phase, and have reached a stage at which a party seeks the entry of judgment—the Bankruptcy Court (and this Court as well) will

have the benefit of further judicial analysis as to the proper reading of *Stern*, including possible (and binding) Sixth Circuit rulings on this subject.[3] Against this backdrop, there is simply no reason to rush to a premature decision on the issues implicated by Defendants' appeals.

Finally, the denial of leave to appeal will not result in any significant waste of litigation efforts or expense. Again, each of the nine adversary proceedings will now move through a pre-trial phase, without regard to whether these proceedings go forward before the Bankruptcy Court or this Court. Moreover, the Fifth Circuit has aptly observed that "[a]n order denying a motion to dismiss for lack of jurisdiction is perhaps unique in its incapacity permanently to affect the rights of the moving party, for jurisdictional defects may be recognized by a court at any time, on the motion of the parties or on its own motion." *United States v. Durensky (In re Durensky)*, 519 F.2d 1024, 1029 (5th Cir. 1975). Even under what would presumably be the worst-case scenario of "wasteful" litigation, if the Bankruptcy Court were to err in a yet-to-be-made determination that it had the authority to enter a final judgment in one or more of the nine adversary proceedings, the Sixth Circuit's recent decision in *Waldman* suggests that there might be a fairly simple and straightforward cure for any such error— namely, the recasting of this judgment as proposed findings of fact and conclusions of law. *See Waldman*, 698 F.3d at 921. Thus, there is no reason to anticipate a significant waste of resources or expenses if Defendants are denied leave to appeal.

### III. *CONCLUSION*

For the reasons set forth above,

---

**3.** Notably, while these appeals have been pending, the Sixth Circuit has issued two decisions that appear to bear upon Defendants' jurisdictional challenge. In *Onkyo Europe Electronics GMBH v. Global Technovations Inc. (In re Global Technovations Inc.)*, 694 F.3d 705, 721–23 (6th Cir.2012), the Sixth Circuit held that the bankruptcy court had properly entered a final judgment on a fraudulent transfer claim brought by debtor Global Technovations against a company, Onkyo, whose subsidiary the debtor had purchased shortly before it filed for bankruptcy. In so ruling, the court distinguished *Stern* and an earlier Supreme Court decision, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), on the ground that Onkyo had "filed a proof of claim against [the] bankruptcy estate," so that the disposition of the fraudulent transfer claim was inextricably intertwined with the bankruptcy court's ruling on Onkyo's proof of claim. *Onkyo*, 694 F.3d at 722. More recently, the Sixth Circuit again addressed the implications of *Stern* in *Waldman v. Stone*, 698 F.3d 910 (6th Cir.2012), finding that the bankruptcy court had the authority to enter a final judgment as to certain claims but not others, and considering what the appropriate remedy should be when a bankruptcy court exceeds its authority by entering a final judgment that is constitutionally reserved to an Article III court.

The decision in *Onkyo* appears to be especially pertinent here. First, it seemingly belies Defendants' broad reading of *Stern* as dictating that all fraudulent transfer claims must be heard and decided by an Article III court. Next, it places significance on the question whether the defendant named in the fraudulent transfer claim has filed a proof of claim against the bankruptcy estate, and it appears that several of the Defendants here have done so. This presumably is why, at the hearing on Defendants' motions to dismiss, the Bankruptcy Court specifically directed the parties' attention to *Onkyo* as a case in which "a decision is expected reasonably shortly." (Bankr. Court 7/16/2012 Hearing Tr. at 3.) Despite this advice from the Bankruptcy Court, Defendants and their counsel altogether failed to mention the *Onkyo* decision in their appellate reply briefs filed nearly a month after this Sixth Circuit ruling, and instead invited this Court to look to "six District Court decisions from around the country" that had considered the power of the bankruptcy courts to finally adjudicate fraudulent transfer cases. (Defendants/Appellants' Reply Br. at 2.)

NOW, THEREFORE, IT IS HEREBY ORDERED that the nine above-captioned appeals—Case Nos. 12–13854, 12–13859, 12–13861, 12–13867, 12–13870, 12–13871, 12–13873, 12–13880, and 12–13881—are DISMISSED.